IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | | |
|---|---|---|
| FRANKLIN MOWRY, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | **CIVIL ACTION NO.:** 1:21-cv-791 |
| SMITH'S INC. OF DOTHAN, | § § | |
| Defendant. | § § § § § | **JURY DEMAND** |

## COMPLAINT

### I.  INTRODUCTION

1. Plaintiff Franklin Mowry brings this action under the Americans with Disabilities Act of 1990 (hereafter "ADA"), 42 U.S.C. 12111 *et seq.* as amended. Plaintiff alleges in violation of the law, Defendant discriminated against him based on his disability. Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, punitive damages, attorneys fees and costs.

### II.  JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked according to the Act of Congress known as 28 U.S.C. §1331, 1343(a)(4), 2201-2202, 29 U.S.C. §§ 22601 *et seq.*, 42 U.S.C. §12117, and 42 U.S.C. §12133. Venue is proper pursuant to 28 U.S.C. §1391.

3. The unlawful employment practices alleged herein below were committed by the Defendant within Houston County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

### III. <u>PARTIES</u>

4. Plaintiff, Franklin Mowry ("Mowry"), is a male citizen of the United States and a resident of Alabama. Plaintiff is a person with a disability as defined under the ADA. At all times relevant to this Complaint, Mowry was an employee of Smith's Inc. of Dothan as defined under the ADA.

5. Defendant Smith's Inc. is an entity subject to suit under the Americans with Disabilities Act, 42 U.S.C. §12111(5). Defendant Smith's Inc. is an employer that engages in commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

### IV. <u>ADMINISTRATIVE EXHAUSTION</u>

6. The Plaintiff timely filed his charge of discrimination based on ADA with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. The Plaintiff further filed his discrimination suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

### V. <u>STATEMENT OF FACTS</u>

7. Defendant hired Plaintiff to do site-work as a sheet metal worker in late 2012.

8. Defendant rehired Plaintiff on or around July 20, 2020 to work in Defendant's machine shop.

9. Plaintiff always performed his job well and could perform the essential functions of his job with or without reasonable accommodations during his employment with Defendant.

10. Plaintiff possesses an exemplary eight-year working record with the Defendant.

11. As a result of his stellar record, Defendant re-assigned plaintiff for on-site work in or around October of 2020.

12. Plaintiff informed Defendant of his disability and need for medical attention related to the same at all times relevant to this action.

13. Plaintiff underwent a surgical procedure relative to his disability in or around September 2020.

14. Plaintiff's physician placed working restrictions on Plaintiff, but Plaintiff's job duties were in no way hindered by said restrictions.

15. Shortly thereafter, Plaintiff's physician cleared Plaintiff of all working restrictions.

16. Nonetheless, Plaintiff was terminated by his supervisor in February 2021, when his manager told him that in his personal opinion, Plaintiff would be unable to perform the essential functions of his job.

17. The manager's understanding of Plaintiff's prior condition was in direct contradiction of the physician's advice and recommendation.

18. Plaintiff informed the manager of the contradiction noted above.

19. Plaintiff received a termination letter stating he was insubordinate, contradicting what Plaintiff was told by his manager.

## VI. CAUSES OF ACTION

### A. TITLE I OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101 (FAILURE TO ACCOMMODATE: DISPARATE TREATMENT)

20. Plaintiff re-alleges and incorporates by reference paragraphs 2-19 above, with the same force and effect as if fully set forth herein.

21. Plaintiff is an individual with a qualifying disability within the meaning of Section 101(8) of the Americans with Disabilities Act, Title 42 U.S.C. §12111(8), in that Plaintiff is an individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of his position within Defendant's work force.

22. Both before and after Plaintiff had surgery relative to his disability in or around September 2020, Defendant failed to engage in the interactive process, in good faith, to determine if a reasonable accommodation exists.

23. Rather than agree or offer to provide any reasonable accommodation(s) to Plaintiff, including but not limited to continued employment and time off to receive medical attention, Defendant told Plaintiff that the company felt he would never be able to perform the work the company needed him to do, and terminated his employment.

24. The Defendant is directly liable for the actions and/or inactions of their managers and/or agents.

25. Because of Plaintiff's actual and perceived disability, he was treated differently than his co-workers who were not disabled, or those Defendant did not perceive as disabled. Rather than allow Plaintiff to remain employed as he had been, Plaintiff was terminated.

26. Defendant Smith, Inc. failed to establish, implement and/or maintain practices, procedures, and policies to ensure that employees with disabilities were not discriminated against, ignored when seeking reasonable accommodations, or otherwise harmed during their employment.

27. Defendant acted with reckless indifference to the rights granted Plaintiff by the Americans with Disabilities Act, as amended.

28. As a result, Plaintiff incurred damages, including but not limited to loss of continued employment, wages, benefits, bonuses, promotional opportunities, and mental anguish, among other terms and conditions of employment with Defendant.

### B. TITLE I OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101, (RETALIATION)

29. Plaintiff re-alleges and incorporates by reference paragraphs 2-20 and 21-27 above, with the same force and effect as if fully set forth herein.

30. As stated above, Defendant terminated Plaintiff because of his actual or perceived disability, and he was treated disparately as compared to his co-workers who were not disabled, or whom Defendant did not perceive as disabled.

31. Plaintiff was held to a less-favorable standard as compared to his co-workers who were not disabled, or those Defendant did not perceive as disabled.

32. Defendant retaliated against Plaintiff for his assertion of the rights granted him by the Americans with Disabilities Act, as amended.

33. Defendant's stated reason for terminating Plaintiff changed, evidencing pretext for unlawful discrimination.

34. As a result, Plaintiff incurred damages, including but not limited to loss of continued employment, wages, benefits, bonuses, promotional opportunities, and mental anguish, among other terms and conditions of employment with Defendant.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and provide relief as follows:

(a) Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination by Defendants are violative of the rights of Plaintiff as secured by, where applicable, 42 U.S.C. §12101, *et seq.*, known as the Title I of the American with Disabilities Act;

(b) Grant Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendant's request from continuing to violate 42 U.S.C. §12101, *et seq.* known as the Title I of the American with Disabilities Act;

(c) Issue an Order directing and requiring Defendant to pay Plaintiff damages for mental anguish, lost wages, salary, employment benefits, or other compensation reduced, denied, or lost by reason of Defendant's ADA violations, including nominal damages;

(d) Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to ADA in an amount equal to and in addition to the amount of lost wages, salary, employment benefits, or other compensation owed to him, and punitive and compensatory damages;

(e) Issue an Order directing and requiring Defendant to place Plaintiff in a similar position to that which he previously held with seniority, or award Plaintiff front pay if no position is available, or reinstatement is not appropriate;

(f) Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorney's fees expended in the course of litigating this action, and pre-judgment and post-judgment interest; and

(g) Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Dated: November 24, 2021

Respectfully submitted,

_____
ERIC C. SHEFFER
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

_____
**OF COUNSEL**